NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DANNY-R: MURRAY-BEY,

    Plaintiff,

v.

RODERICK JONES & NEW JERSEY
STATE POLICE DEPARTMENT,

    Defendants.

Civil Action No. 24-5738 (RK) (TJB)

**MEMORANDUM ORDER**

**THIS MATTER** comes before the Court upon Plaintiff Danny-R Murray-Bey's ("Plaintiff") application to proceed *in forma pauperis*, (ECF No. 4), together with Plaintiff's Complaint against Detective Roderick Jones ("Jones") and the New Jersey State Police Department (collectively, "Defendants"), (Compl., ECF No. 1.) For the reasons set forth below, Plaintiff's application to proceed *in forma pauperis* is **DENIED**, and his Complaint is **DISMISSED** without prejudice.

I.     **BACKGROUND**

The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). According to Plaintiff, Defendants violated his Fourth and Fourteenth Amendment rights when they executed a search warrant on his property without probable cause. (Compl. at 3.) The search warrant was signed by Jones and issued by a judge in Middlesex County, New Jersey. (*Id.* at 4.) Plaintiff alleges that Jones made false statements on the application for the search warrant "without evidence of crime" and with "no first-hand knowledge of the statement of facts made in the allegations . . . ." (*Id.* at

3, 4.) At 4:50 a.m. on January 31, 2024, the search warrant was executed at Plaintiff's home by "defendants and other agents for the New Jersey State Police." (*Id.* at 4.)[1]

According to Plaintiff, the search "turned up no evidence to support [the] search warrant nor found any probable cause to justify [the] false arrest and imprisonment of plaintiff." (*Id.* at 4.) The agents "failed to produce any evidence form [sic] the search warrant such as drugs etc during the search as predicted in the complaint for [the] warrant." (*Id.*) Thereafter, "defendants falsely imprisoned plaintiff by taking him into custody at the Old Bridge Police station, then to Middlesex County jail." (*Id.*) Despite the fact that the agents found no evidence to support the search warrant and no additional evidence of a crime, he was charged with "distribution and possession of cocaine, and 2 counts of unlawful possession of a firearm." (*Id.*) According to Plaintiff, the firearm was registered to him, and he had a permit for same. (*Id*). At the time of Plaintiff's complaint, criminal charges were pending against him in Middlesex County under Case No. 2024-000045-1209. (*Id.*)

As a result of the above allegations, Plaintiff and his family have "suffered Mental anguish," and Plaintiff lost the wages he should have earned during the time he spent falsely imprisoned. (*Id.* at 5.) Moreover, Plaintiff's property was damaged during the execution of the search warrant. (*Id.*) Plaintiff seeks monetary relief in the form of one million dollars, punitive damages, and "therapy and medical assistance" for his family. (*Id.*) He also requests that this Court dismiss his state criminal charges with prejudice. (*Id.*)

---

[1] Plaintiff also submitted an exhibit to the Complaint in which he describes the circumstances of the search in more detail, including that four children and an adult woman were present during the search; that Plaintiff was immediately put in handcuffs; that the officers "turn[ed] the house upside down in their search for illegal substances"; that the "[t]hreat of continued 'traumatization to the children' was used to seek where any illegal substance might be hiding"; that his handguns and ammunition, which were apparently legally registered and obtained, were confiscated; and that ultimately "no illegal substances were found" at the premises. (Compl., Ex. B.)

2

Plaintiff filed this case against the New Jersey State Police Department and Jones on April 29, 2024. (Compl.) Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 4.) In it, Plaintiff answers "0" or "NO" to every question. (*See generally id.*) Plaintiff indicates he has 0 gross pay or wages, 0 take-home pay or wages, no other income from any source, 0 money in cash or in a checking or savings account, and no other assets. (*Id.* at *1–*2.) Plaintiff also indicates he has no regular monthly expenses, no dependents, and no debts or financial obligations. (*Id.* at *2.)

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed IFP and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an IFP complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an IFP application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

## III.   DISCUSSION

### A.   *In Forma Pauperis* Application

The IFP statute requires a plaintiff to submit "an affidavit stating all income and assets" and "the plaintiff's inability to pay the filing fee." *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (citing § 1915(a) and *Glenn v. Hayman*, No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007)). In the IFP application, the plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citing *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)).

The Court finds that Plaintiff's IFP application does not offer sufficient information to enable the Court to perform the screening that Section 1915(a) requires. While Plaintiff technically filled out answers to each prompt on the IFP application, Plaintiff's responses appear perfunctory. As noted above, Plaintiff answers "0" or "NO" to every prompt. (*See generally* ECF No. 4.) He provides no facts whatsoever regarding his poverty—let alone facts with any degree of particularity. The Court also notes that, in Question 6 ("[List] [a]ny housing transportation, utilities, or loan payments, or other regular monthly expenses (*describe and provide the amount of the monthly expenses*))," Plaintiff simply wrote "NO." (*Id.* at *2.) Plaintiff does not explain how he subsists without any expenses. Because Plaintiff has not made a good faith effort to fill out the IFP application, Plaintiff's application is **DENIED** without prejudice and with leave to refile a corrected form within thirty (30) days.

### B.   Review of Complaint

Even if the Court denies the IFP application, the Court still has discretion to review the merits of an IFP complaint. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (citing 10 James

Wm. Moore et al., Moore's Federal Practice § 54.104(1)(a) (3d ed. 2019)). The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Before turning to Plaintiff's claims against each Defendant, the Court notes at the outset that Plaintiff's request for this Court to dismiss the state criminal charges against him is denied as the Court may not interfere with Plaintiff's state court criminal prosecution. *See Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey*, 27 F.4th 886, 890 (3d Cir. 2022) (explaining that the *Younger* abstention doctrine requires federal courts to abstain from deciding cases that would interfere with state criminal prosecutions).

1. Claims Against New Jersey State Police Department

Turning now to Plaintiff's claims, the Court finds that the New Jersey State Police Department is immune from suit under the Eleventh Amendment. The Eleventh Amendment limits a federal court's jurisdiction over actions against a state. *See In re Hechinger Inv. Co. of Del.*, 335 F.3d 243, 249 (3d Cir. 2003). The state's sovereign immunity from suit under the Eleventh Amendment also extends to "arms of the state," such as state agencies and departments. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Chisolm v. McManimon*, 275 F.3d 315, 322–23 (3d Cir. 2001) ("Eleventh Amendment immunity may be available to a state party-in-interest notwithstanding a claimant's failure to formally name the state as a defendant.").

The protections of the Eleventh Amendment also extend to protect entities when "the state is the real, substantial party in interest." *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945). The Third Circuit has held that the New Jersey State Police Department is an arm of the State of New Jersey and, as such, is entitled to Eleventh Amendment Immunity. *Allen v. New Jersey State Police*, 974 F.3d 497, 506 (3d Cir. 2020); *see also Longoria v. New Jersey*, 168 F. Supp. 2d 308, 315–16 (D.N.J. 2001) (deciding that the New Jersey State Police "is plainly an arm of the State of New Jersey"). Accordingly, Plaintiff's claims against the New Jersey State Police Department fail.

### 2. Claims Against Jones

The Court turns next to Plaintiff's claims against Jones. Generally, "a suit against a state official in his or her *offiicial* capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Allen*, 974 F.3d at 506 (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (emphasis added) (internal citation omitted)). However, the Eleventh Amendment does not protect state officials from being sued in their *individual* capacities. *Marin v. Sec'y of Pa.*, 715 F. App'x 139, 141 (3d Cir. 2017) (citing *Hafer v. Melo*, 502 U.S. 21, 31 (1991)). Therefore, "even a suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally." *Alden v. Maine*, 527 U.S. 706, 757 (1999).

Nonetheless, even where a suit is brought against a state official in his or her individual capacity, the court should determine whether the relief sought nominally against an officer is in fact sought against the state. *See Lee v. Lamas*, 419 F. Supp. 3d 863, 868 (E.D. Pa. 2019). Indeed, the Supreme Court has cautioned that to allow cases against a state official to proceed simply because the official is named in his or her individual capacity "would be to adhere to an empty

formalism and to undermine the principle . . . that Eleventh Amendment immunity represents a real limitation on a federal court's federal-question jurisdiction." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997). To determine whether an individual capacity claim against a state official is, in reality, a claim against the state, the Court must determine whether "'the state is the real, substantial party in interest.'" *Lee*, 419 F. Supp. 3d 868 (E.D. Pa. 2019) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984)).

Here, Plaintiff purports to bring claims against Jones in his individual capacity. It is difficult to determine from Plaintiff's Complaint whether he seeks relief from Jones personally for wrongful conduct fairly attributable to Jones himself or relief for which the state is a real substantial party in interest. In an abundance of caution, the Court will not dismiss Plaintiff's claim against Jones based on 11th Amendment immunity at this stage.

Nonetheless, the Court finds that Plaintiff has failed to state a claim against Jones upon which relief can be granted. Plaintiff concedes that a search warrant was issued for the search of his home. Thus, Plaintiff appears to be stating a claim under 28 U.S.C. § 1983 ("Section 1983") for false arrest based on an invalid search warrant in violation of the 4th Amendment. To state such a claim, a plaintiff must allege that an officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant" and (2) that "such statements or omissions are material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 787 (3d Cir. 2000); *see also United States v. Leon*, 468 U.S. 897, 923 (1984) (a plaintiff must demonstrate that the officer made statements or omissions that he "knew [were] false, or would have known [were] false except for his reckless disregard for the truth."). Here, Plaintiff does not allege that Jones' inclusion of "false statements on [the] application for [the] search warrant" was knowing or deliberate. Nor does Plaintiff plead

7

any factual allegations from which the Court could infer that Jones' statements on the relevant search warrant affidavit were made with reckless disregard for the truth. Rather, Plaintiff's allegation that Jones made false statements on the application for the search warrant of Plaintiff's home is conclusory and unsupported by sufficient factual detail.[2] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a complaint must include more than "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."). Plaintiff's Complaint is therefore **DISMISSED** without prejudice.

---

[2] Plaintiff does allege that due to Jones' false statements, the search warrant was without probable cause, and thus the search failed to produce any evidence "such as drugs etc . . . as predicted" in the warrant application. (Compl. at 4.) However, Plaintiff also alleges that, based on the search, he was arrested for "distribution and possession of cocaine" as well as "2 counts of unlawful possession of a firearm." (*Id.*) Indeed, Plaintiff attached the criminal complaint to his Complaint in this matter, which reflects that he was arrested for distribution of a controlled dangerous substance, to wit, cocaine in violation of N.J.S. 2c:35-5B(1) and two counts of possession of a firearm during the commission of a drug offense in violation of N.J.S. 2C:39-4.1. (*Id.*, Ex. D.) Without more, Plaintiff's allegation that the search warrant was without probable cause is undermined by the fact that he was arrested for the very thing that the search warrant was predicated upon.

**IT IS** on this 6th of September, 2024, **ORDERED** that:

I. Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **DENIED** without prejudice;

II. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice;

III. The Clerk's Office is directed to **CLOSE** this case;

IV. Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Order by filing an amended complaint and either pre-paying the $402 filing fee ($350 filing fee plus $52 administrative fee) or submitting a renewed application to proceed *in forma pauperis*;

V. Upon receipt of an amended complaint and a proper and completed *in forma pauperis* application or filing fee within the time allotted by this Court, the Clerk will be directed to reopen this case; and

VI. The Clerk shall serve on Plaintiff by regular U.S. mail: (1) this Memorandum Order; and (2) a blank form application to proceed *in forma pauperis*.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**